IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Magistrate No. 21-1016 |
| | ) | |
| TYRELL REVIS | ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Joshua T. Stegena, being duly sworn, do hereby state the following:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your affiant is a sworn police officer with the Allegheny County Police Department (ACP) currently assigned to the Narcotics, Vice, & Intelligence Division and specifically assigned to a Violent Crimes and Firearms Unit (VCF). Your affiant has 5 years of law enforcement experience and has been involved in hundreds of narcotics and firearm related investigations, incidents, and arrests. I have been deputized federally under Title 21, United States Code. Your affiant is authorized to investigate violations of Title 18, United States Code, and related provisions.

2. The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals, review of records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a criminal complaint, this

affidavit does not set forth each and every fact learned by me during the course of this investigation.

**PROBABLE CAUSE**

3. For the reasons and to the extent detailed below, this application is in support of a Criminal Complaint for TYRELL REVIS charging him with Possession with the Intent to Distribute a Quantity of a Mixture and Substance Containing a Detectable Amount of N-phenyl-N-[1-(2- phenylethyl)-4-piperidinyl] propanamide, commonly known as Fentanyl, which is a Schedule II controlled substance, and a Quantity of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, in the form commonly known as Crack Cocaine, which is a Schedule II controlled substance, in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C).

4. On Thursday May 13, 2021, I (Det. Joshua Stegena), was contacted by Munhall PD Detective James Caterino, who advised me that he was currently surveilling a vehicle being operated by TYRELL REVIS, whom he knew to be wanted for questioning in connection with an open ACP Homicide Investigation. REVIS was also observed meeting with a known trafficker of large quantities of heroin and/or fentanyl.

5. After witnessing behavior that Detective. Caterino believed to be consistent with that of a narcotics transaction, Detective Caterino was able to maintain constant surveillance on REVIS's red 2013 Ford Focus sedan. As Detective Caterino followed REVIS's vehicle into the City of Pittsburgh, I was able to intercept the vehicle and engage in the surveillance in the area of Becks Run Road and Wagner Street.

6. While directly behind REVIS's vehicle on Becks Run Road, I observed that REVIS was traveling at speeds of approximately 60-65 MPH in a posted 25 MPH Zone. The vehicle continued left onto Brownsville Road, failing to obey the traffic control device, as the

traffic light had turned red. Based on the aforementioned observations by Detective Caterino, and the driving behaviors exhibited by REVIS, I activated my un-marked vehicle's emergency lights and siren, initiating a traffic stop on the Focus at the intersection of Brownsville Road and Maytide Street.

7.      Upon activation of my emergency lights and siren, both REVIS and the vehicle's front seat passenger, identified herein as FEMALE PASSENGER, were observed to be frantically moving about the vehicle. REVIS was observed twisting his upper torso to the right and made several throwing/shoving motions towards the center of the rear passenger floorboard. FEMALE PASSENGER was also observed twisting her upper torso, turned around in her seat.

8.      Based on the exaggerated movements witness by both Detective Caterino and I, the occupants of the Focus were placed at gun point and ordered to show their hands, to which they eventually complied.  After obtaining identifying information from REVIS, both REVIS and FEMALE PASSENGER were asked to exit the vehicle, to which they complied. Upon REVIS exiting, he was patted down for weapons yielding a negative result. Once FEMALE PASSENGER exited the vehicle, Detective Caterino observed in plain view on the front passenger seat, multiple rectangular paper wrapped objects, which he immediately recognized as bricks of suspected heroin and/or fentanyl.  After making this observation, both FEMALE PASSENGER and REVIS were placed in handcuffs and detained.

9.      While speaking with both REVIS and FEMALE PASSENGER, they were advised of their Miranda Warnings and of their rights regarding the vehicle.  During our conversation, REVIS freely claimed ownership to the bricks of suspected heroin and/or fentanyl and stated that he placed the bricks of suspected heroin and/or fentanyl on the front passenger seat. After claiming ownership to the narcotics, REVIS was asked for consent to search the

remainder of his vehicle, to which he denied. After refusing verbal consent, REVIS was transported to ACP Headquarters, by City of Pittsburgh Police Patrol Officer Craig Szablewskia

10. FEMALE PASSENGER remained on scene for a period of time due to the fact that we were awaiting the arrival of female Patrol Officer, Elizabeth Lewis of Mt. Lebanon, to properly search FEMALE PASSENGER. Additionally, there was a minor child in the rear passenger seat of the vehicle during the incident, and a custody exchange of the child had to be arranged. Prior to the custody exchange, FEMALE PASSENGER asked investigating Detectives to retrieve some items for the child from inside of the vehicle.

11. After receiving verbal consent from FEMALE PASSENGER to retrieve the diaper bag from the rear passenger seat, Det. Nicholas entered the rear passenger seat responding to FEMALE PASSENGER's request. As Det. Nicholas removed the bag, he observed in plain view, what he immediately recognized as a Glock firearm on the rear passenger floorboard. The weapon was positioned directly behind the right side of the driver seat on the rear floorboard. The muzzle side of the weapon was pointed towards the front of the vehicle and the magazine well was facing the rear driver's side door.

12. Prior to providing FEMALE PASSENGER with the diaper bag, Detective Nicholas checked its contents to ensure there were no weapons or contraband inside. During this time, Detective Nicholas located a knotted sandwich baggie containing approximately 18 grams of suspected cocaine base, in the form commonly known as crack cocaine, from an exterior side pocket. That substance later field-tested positive for cocaine base. FEMALE PASSENGER was ultimately transported by Patrol Officer Lewis to ACP Headquarters. REVIS's vehicle was secured and towed to ACP headquarters by McGann & Chester in anticipation of a search warrant based on the items observed in plain view.

13. At approximately 1800 hours, VCF Detective David Ernst secured a search warrant for the Ford FUSION, which was signed by Magisterial District Judge Beth Mills (MDJ 05-2-26). Upon execution of the search warrant, Detective ERNST located and recovered the following items:

    a. FIVE (5) Bricks" (250 stamp bags) of a substance that field-tested positive for fentanyl marked "NyQuil" in green ink. (Recovered from the passenger seat of LPL1921.)

    b. THIRTY (30) "bricks" (1,500 stamp bags) of a substance that field-tested positive for fentanyl. TWENTY-SIX 26 bricks (1,300 stamp bags) were marked "NyQuil" in green ink and approximately 4 bricks (200 stamp bags) were marked "The God Father" in purple ink. (Recovered from the center console of PA LPL1921.)

    c. ONE (1) PA ID Card belonging to Tyrell REVIS,

    d. ONE (1) PA Driver's License belonging to Tyrell REVIS,

    e. ONE (1) Visa Debit card belonging to Tyrell REVIS. (Recovered from the center console of PA LPL1921, directly underneath the 30 bricks of fentanyl.)

    f. ONE (1) loaded Glock 19, 9x19 semi-automatic pistol (SR#BTB2461), containing one (1) 9mm round in the weapons chamber and fifteen (15) additional 9mm rounds in the weapons magazine. (Recovered from the rear passenger floorboard of PA LPL1921, directly behind the driver's seat.)

    g. ONE (1) "Blu" Tracfone. (Recovered from the center console cup holder of PA LPL1921.)

      h.      ONE (1) black digital scale and ONE (1) loose 9mm round of ammunition, which matched the rounds found inside of the Glock firearm. (Recovered from the driver's side door compartment of PA LPL1921.)

    14.    Upon completion of the search, and after photographing and collecting all evidence, Detectives attempted to speak with REVIS regarding the incident and items recovered from within the vehicle. While speaking with REVIS, he asked for his lawyer, Wendy Williams. REVIS was afforded the opportunity to meet with Mrs. Williams and wished to give no further statements regarding the incident.

## CONCLUSION

    15.    Based upon the foregoing, I respectfully submit that there is probable cause to believe that, on or about May 12, 2021, in the Western District of Pennsylvania, TYRELL REVIS possessed with the intent to distribute a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2- phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, which is a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack cocaine, which is a Schedule II controlled substance, in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C)

16. The above information is true and correct to the best of my knowledge, information and belief.

<em>/s/ Joshua T. Stegena</em><br>
JOSHUA T. STEGENA<br>
Detective/Allegheny County Police

Sworn and subscribed to me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 13th day May, 2021.

_____
THE HONORABLE PATRICIA L. DODGE
United States Magistrate Judge